UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio D. Middleton, # 340155, | ) C/A No. 5:14-1112-TLW-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Beaufort County Courthouse, and Jerri Ann Roseneau, | ) |
| Defendants | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Antonio D. Middleton ("Plaintiff") is currently incarcerated at Tyger River Correctional Institution in Enoree, South Carolina. In the Complaint he filed in this case he alleges that he filed a state post-conviction relief ("PCR") application with the Beaufort County Clerk of Court over three years ago, but has heard nothing from anyone at the courthouse about an appointed attorney or anything about how the case should progress. Plaintiff submits he "just [wants] to go back into court on [his] PCR," so he can prove his innocence. Compl. 3, ECF No. 1.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff does not ask this court to award him any kind of relief in his Complaint. The "relief" section of the form he used is blank. Compl. 5, ECF No. 1. Were this court to find that Plaintiff's rights were violated by one or more Defendants, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (federal courts do not render advisory opinions); *Bowler v. Young*, 55 F. App'x 187, 188 (4th Cir. 2003 )(same). The Tenth Circuit Court of Appeals faced an

analogous situation in *Public Service Co. v. EPA*, 225 F.3d 1144 (10th Cir. 2000). Addressing the plaintiff's failure to request specific relief, that court stated:

> This court would violate Article III's prohibition against advisory opinions were it to do that which [the plaintiff] requests, *i.e.*, issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

*Id.* at 1148 n.4 (citing *United States v. Burlington N. R.R.*, 200 F.3d 679, 699 (10th Cir. 1999)).

It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). If this court were to attempt to infer some request for relief from the minimal allegations that are now in the Complaint, it would be required to read Plaintiff's mind, which it cannot do. Thus, in absence of a request for relief from Plaintiff, the Complaint filed in this case is subject to summary dismissal.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

IT IS SO RECOMMENDED.

April 18, 2014                                      Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

3

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).